JS-6

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
Federal Courthouse, 14th Floor
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2569
Facsimile: (213) 894-7177
E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>$130,000.00 IN U.S. CURRENCY,<br>Defendant. | Case No. CV 15-7793-R(AGRx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

On or about October 5, 2015, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Complaint for Forfeiture alleging that the defendant $130,000.00 in U.S. Currency (the "defendant currency") is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C) and 21 U.S.C. § 881(a)(6).

Potential Claimant Soun Yun ("Potential Claimant") claims an interest in the defendant currency, but has not filed a claim or answer in this case, yet asserts that Potential Claimant would have filed a claim or answer if the parties hereto had not reached the settlement embodied in this Consent Judgment of Forfeiture. No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and Potential Claimant have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) & (C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person. The Court deems that all potential claimants admit the allegations of the Complaint for Forfeiture to be true. Potential Claimant is relieved of Potential Claimant's obligation to file a claim and answer in this litigation.

4. The sum of $3,500.00 only (without interest) shall be returned to Potential Claimant. The remainder of the defendant

currency (i.e., $126,500.00), plus the interest earned by the United States of America on the defendant currency shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

5. The funds to be returned to Potential Claimant pursuant to paragraph 4 above shall be paid to Potential Claimant by electronic transfer directly into the client trust account of her attorneys of record in this case. Potential Claimant (through her attorney of record Jacek W. Lentz, Esq.) shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing Potential Claimant's social security and taxpayer identification numbers (if any), Potential Claimant's attorney of record's taxpayer identification number, and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the attorney-client trust account to which the transfer of funds is to be made.

6. Potential Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities

arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Potential Claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

7. The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

8. The Court further finds that Potential Claimant did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs. Potential Claimant's execution of this Consent Judgment of Forfeiture does not constitute an admission to any facts or wrongdoing, except as otherwise indicated in this Consent Judgment of Forfeiture.

Dated: March 30, 2016

THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

CONSENT

The parties hereto consent to the above judgment and waive any right of appeal.

Dated: March 29, 2016

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United states Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: February 26, 2016

THE LENTZ LAW FIRM, PC

/s/ Jacek W. Lentz
JACEK W. LENTZ, ESQ.

Attorneys for Potential Claimant
SOUN YUN

DATED: February 26, 2016

/s/ Soun Yun
SOUN YUN